FILED

2012 MAY -1  PM 4: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

FOR THE

MIDDLE DISTRICT OF

FLORIDA

Jessica R. Brinson,

  Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as TRUSTEE
FOR MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2006-HEA,
AMERICAN SERVICING COMPANY

  Defendants,

CIVIL ACTION FILE NO:

3: 12-CV-51-J-34 JRK

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now, Jessica R. Brinson, plaintiff, Pro Se, in Propia Persona, Sui juris and files this complaint against the above named defendants for injuries caused to her by defendants. Jessica R. Brinson, plaintiff, hereby states, alleges and avers the following:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction for the claims for violations of the **Fourth Amendment** of the federal Constitution.

3. Plaintiff claims federal jurisdiction pursuant to **Article III § 2** which extends the jurisdiction to cases arising under the United States Constitution.

4. Plaintiff brings this suit against defendants for violations of certain protections guaranteed to her by the **4th Amendment of the federal Constitution** by the defendants in their individual, representative and official capacities.

5. The United States District Court for the Middle District of Florida has personal jurisdiction because the defendants conduct business in Florida which is within this District.

6. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)**, inasmuch as defendants conduct business in Florida, have substantial business contacts in Florida and the causes of action set forth herein have arisen and occurred in the District of Florida.

## PARTIES

7. Plaintiff is a Natural Person living at 45 West 6th Street, Jacksonville, Florida [32206].

Defendants are:

8. DEUTSCHE NATIONAL TRUST COMPANY, a legal entity/corporation whose address is 60 Wall St. N.Y. New York [10005]

9. AMERICAN SERVICING COMPANY, a legal entity/ corporation whose address is P.O. Box 14547, Des Moines, IA [50306-4547]

## I. STATEMENT OF FACTS

10. On February 24th, 2006 Plaintiff, Jessica Reid Brinson a natural person with power of attorney for Jessica Brinson, entered a Mortgage Contract [loan # 11463544 (see exhibit A)] with WMC Mortgage Corp. Jessica Brinson agreed to purchase a home at 11550 Oak Meadow Lane, Jacksonville, Florida 32218 for the total sale price of $167,969.00 and also a 2nd mortgage from WMC for (loan #11463546)the total sale price of $41,992.00 also dated February 24th, 2006. The total amount for the both loans amount to $211.000.00 (see exhibit B).

11. On or about June, 18 2009 Deutsche National Trust Company Summonsed Plaintiff to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (See exhibit C) claiming to be assignee to the original mortgage instrument with rights of a holder. Plaintiff has never received any documentation from Deutsche National Trust Company, which purports to prove Deutsche National's alleged position as holder of the instrument. American Servicing Company orchestrated a fraudulent foreclosure on Plaintiff's Property on February 18th, 2008. American Servicing Company proposed a "repayment plan" to "pull" Plaintiff 'out of foreclosure'. Plaintiff accepted the plan and in the month of May of 2008. American Servicing Company offered Plaintiff a "temporary modification plan" for 5 months. Plaintiff accepted this offer and performed pursuant to the terms of the temporary modification plan but upon expiration of the five month period, American Servicing Company failed to perform pursuant to the "temporary modification plan". Plaintiff did not agree to the new terms and rescinded her agreement and didn't not sign the contract papers.

12. Also, Plaintiff proceeded to court on May 11th, 2010 to defend herself against the false claims defendant, Deutsche National brought against her. Plaintiff's case was dismissed. The only grounds for this dismissal was the mere words of the Deutsche National's attorneys. Throughout the entire case,

Deutsche National attorneys did not enter any proof of its ever possessing/holding the mortgage instrument! A Judgment was entered against Plaintiff April 11th, 2011 ordering Plaintiff's home to be sold. On Jan,14th, 2012 Deutsche National's filed a motion to vacate the Judgment, certificate of title and certificate of sale that it was granted by A. Doung Presiding Judge Circuit Court Judge on April 10th, 2012. (See exhibit D)

## II. MEMORANDUM OF LAW

### III. Fraud

13. Pursuant to **J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277, 290–91, 89 P.3d 1009, 1018 (2004)**, **the elements of a Standard Intentional Misrepresentation are: (1) defendant made a false representation, (2) with knowledge or belief that the representation was false or without a sufficient basis for making the representation, (3) defendants intended to induce the Plaintiff to act or refrain from acting on the representation, (4) the plaintiff justifiably relied on the**

**representation, and (5) Plaintiff was damaged as a result of his/her reliance.**

14. Defendants' collective actions and statements or averments have satisfied these elements. When, on or about June 18th, 2009 Deutsche summonsed Plaintiff to Court for a foreclosure action **(SEE EXHIBIT C)** Deutsche maliciously alleged *inter alia* on page 2 **(under # "4")**:

   a. that it was **holder of the Mortgage Note and Mortgage**,

   b. that the Mortgage Note and Mortgage were in default **(under # "6")**, and

   c. That the full amount payable under the Mortgage was due **(under # "7")** Deutsche intentionally misrepresented the truth; committed Fraud.

15. On this Summons Deutsche maliciously alleged *inter alia* on page 2 **(under # "4")** that it was holder of the Mortgage Note and Mortgage, that the Mortgage Note and Mortgage were in default **(under # "6")**, that the full amount payable under the Mortgage was due **(under # "7")**, and Deutsche made the contention that it must be paid $191,998.38 in principal on the mortgage note and Mortgage along with interest from Feb 1st, 2009, late charges, and all costs of collection including title search expenses for ascertaining necessary parties to the action and attorney fees **( under # "8")**.

16. In **EXHIBIT C**, on page 3, under **COUNT II – RE –ESTABLISHMENT OF NOTE, 15 and 18**, Deutsche claimed to have lost the mortgage note and

claimed to have been entitled to enforce the note. How can Deutsche or any other person lose something they never possessed? Deutsche's attorneys attached a copy of a defective, insufficient mortgage note which lacked a backside whereon endorsements are made which would show and prove an unbroken chain of assignments eventually linking to Deutsche National Trust Company. This alleged "copy" of the Mortgage Note wasn't an actual copy of the real Mortgage Note. **The original note would bear the signatures of any endorsers or endorsees prior to Deutsche, due to negotiations predating the alleged assignment to Deutsche National Trust Company.** Relying upon <u>UCC §3-203</u> it is clear that an instrument only transfers upon delivery[1] and if there is no proper endorsement of the instrument, Negotiation does not occur; rights of a holder do not transfer to transferee![2] Since delivery is the act by which the res or substance thereof is placed within the actual or constructive possession or control of another, Deutsche, without proof of delivery and endorsement can't lawfully claim to be assignee to the original instrument. Deutsche needs to be able to prove such delivery and

---

[1] <u>Delivery</u>-The act by which the res or substance thereof is placed within the actual or constructive possession or control of another. Poor v. American Locomotive Co., C. C. A. Ill., 67 F.2d 626, 630. What constitutes delivery depends largely on the intent of the parties. - <u>Black's Law Dictionary, 5th Edition</u>

[2] <u>UCC §3-203 TRANSFER OF INSTRUMENT; DELIVERY; RIGHTS OF TRANSFEREE, " (1) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. ...vests in the transferee any right of the transferor to enforce the instrument,...but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument... negotiation of the instrument does not occur until the endorsement is made.</u>

assignment. Without proof of delivery and endorsement of the original instrument over to Deutsche, Deutsche may not assert the status of assignee or transferee with the rights of a holder in due course! A copy of an instrument that lacks endorsement legally fails to serve as evidence or proof of standing to "foreclose" or to carry out the purported collections against Plaintiff. Federal Circuit Courts have ruled that the only way to prove the perfection of any security, including promissory notes, is by actual possession of the security and current or prior possession must be proven.[3] Since, pursuant to **Rule 1002 of the Federal Rules of Evidence, to prove the content of writing, recording, or photograph, the original writing, recording, or photograph is required**, Deutsche, being without the original instrument setting forth its terms and conditions, Deutsche can in no way prove any justifiable reason to assert the position it asserted nor can Deutsche prove that Plaintiff is in any wise indebted to Deutsche.

17. Deutsche committed fraud upon Duval County court by claiming to have lost the mortgage note[4], claiming entitlement to foreclose and representative(s) of Deutsche attached to its summons a copy of a defective instrument intending to have this defective instrument accepted by the court as a true and correct copy of the original Mortgage Note intending for it to serve as evidence of

---

[3] See **(Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla. 1955);**
[4] See **EXHIBIT C,** page 3, under **COUNT II – RE –ESTABLISHMENT OF NOTE,** #15 and #18

Plaintiff, Jessica Reid Brinson's indebtedness to Deutsche. However, as Plaintiff has already shown in this complaint, this defective[5] instrument was far from legally and procedurally fit for the ordinary purposes for which these types of instruments are sold and used and legally fails to serve as irrefutable evidence of Deutsche National Trust Company's past or present possession of the original note.

### IV. AMERICAN SERVICING COMPANY'S FRAUD

American Servicing Company held itself out to be a servicer for Deutsche. There is sufficient evidence alleged in this complaint that American Servicing Company had knowledge of and belief in the fact that their representations were false. American Servicing Company knew that it had no proof of Deutsche's legal right to payment from Plaintiff. American Servicing Company was consciously aware of the illegality of its actions and carried them out maliciously to assist Deutsche in defrauding Plaintiff. American Servicing Company was fully informed that Deutsche never provided American Servicing Company a debt instrument for it to inspect, validate or invalidate.

---

[5] Defective in **Black's Law Dictionary Fifth Edition** is defined as, "Lacking in some particular which is essential to the completeness, legal sufficiency, or security of the object spoken of; as a "defective" service of process or return of service. A product is "defective if it is not fit for the ordinary purposes for which such articles are sold and used. Manieri v. Volkswagenwerk, A. G., 151 N.J. Super. 422, 376 A. 2d 1317, 1322. See also Defect; Warranty.

American Servicing Company had, like any other person, a duty to exercise ordinary care, due care and due diligence. It is questionably negligent for an authentic servicing company to assume that a financial institution has legal authority to have payments collected on its behalf! It is just as questionable if not far more questionable for that same servicing company to then proceed to carry out collections against a third party on behalf of that financial institution based solely on its assumption, not requiring that financial institution to produce evidence of its right to collect; to verify that the financial institution is operating on the right side of the law. Are servicing companies in the business of just taking honest, hardworking people's property on hearsay alone? And, any evidence relied upon to seize some person's property has to be legally sufficient, not mere conclusive assumptions[6] masquerading as facts. (See the **Fifth Amendment of The Constitution**, which provides that no person shall be deprived of life, liberty, or property, without due process of law and private property shall not be taken for public use without just compensation.

With this in mind, and the fact that the original instrument is not lost but is actually one of the many other instruments that are part of an investment pool of securities (Plaintiff has irrefutable evidence of this fact attached hereto as

---

[6] See **Due Process** in **Black's law Dictionary, Fifth Edition**

Exhibit E it is not farfetched to conclude that American Servicing Company has unclean hands and has consciously, willfully operated in bad faith to Plaintiff's detriment. American Servicing Company as agent for Deutsche intentionally and maliciously induced Plaintiff to make payments of money in the amount of circa $35,846.24 based on misrepresentations. American Servicing Company acted in tandem with Deutsche to help Deutsche accomplish fraud upon Duval County Court to deceive and deprive Plaintiff out of her money and property, maliciously intending to induce Plaintiff to abandon her property and trying to intimidate Plaintiff with a fake administrative collections process and the usage of the courts to deter Plaintiff from taking action to keep her property. Plaintiff justifiably relied on these defendants' misrepresentations as Plaintiff is not an expert in the banking business and did not at the time could in no way possible be abreast of the nature of the business the defendants purport to be in let alone extraordinary shrewdness of defendants' deceptive, fraudulent techniques and maneuvers. Plaintiff suffered the injuries of deprivation of property, disparagement of title and slander of title.

1. Deutsche National Trust Company misrepresented itself as an assignee to Plaintiff's instrument, Deutsche National Trust Company was fully aware of

the fact that its records didn't show or reflect a right or standing[7] to enforce an instrument it was not assigned to because this assignment never took place. There are no records of its authentic filing with the state recorder's office or any other acceptable record for an assignment of mortgage. Authentic assignees are required to give the obligor notice of the recording or filing of the instrument and the place of the filing.[8] Plaintiff never received any notice of this assignment pursuant to **TITLE 15 USC § 1641(g)(1)**

2. Defendants, with their misrepresentations, intended to induce Plaintiff to pay sums of money they were not and are not entitled to. The defendants conspired together to force Plaintiff into a fraudulent and unconscionable contract.

## IV. SLANDER OF TITLE

---

[7] In *Lujan v. Defenders of Wildlife - 504 U.S. at 555 (1992)* the Court held that to prove standing, a plaintiff must establish three elements making up "the irreducible constitutional minimum of standing": First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . .and (b) actual or imminent, not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.92 In addition to the constitutional standings laid out in *Lujan*, the Supreme Court has established three prudential standing requirements which must also be met before a plaintiff has standing to bring a case in federal court. [T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.

[8] Pursuant to *TITLE 15 USC § 1641(g)(1)* "...not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including...the identity, address, telephone number of the new creditor...the date of transfer; how to reach an agent or party having authority to act on behalf of the new creditor; the location of the place where transfer of ownership of the debt is recorded; and any other relevant information regarding the new creditor."

1. Pursuant to the **5th Edition of Black's Law Dictionary**, Slander of Title is defined as, "**a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his causing him special damage.**" And under this same definition of Slander of Title, malice is an essential element of "slander of title" which purports an intention to **vex, injure or annoy another person**.

2. Slander of title requires proof of four elements: ☐(1) publication of a slanderous statement; (2) its falsity; (3) malice; and (4) resulting special damages. (**Weaver v. Stafford, 134 Idaho 691, 701, 8 P.3d 1234, 1244 (2000) (citing Matheson v. Harris, 98 Idaho 758, 760-61, 572 P.2d 861, 863-64 (1977)).**The defendants have published, by recordingvarious documents including a **Notice of Trustee Sale** which has impaired and deprived Plaintiff of her right to title which constitutes slander of title and should be awarded resulting damages. Deutsche National Trust Company created misfortune for Plaintiff by bad faith misrepresentations, gaining pecuniary benefits from the purported and false "assignment" of the Plaintiff's Financial Asset and Fraudulent "foreclosure" on Plaintiff's real property. Defendants' actions, averments and recordings have disparaged Plaintiff's title and credit causing Plaintiff to lose her good name and credit, annoyed Plaintiff with the unwarranted appearances in court and injured

Plaintiff by depriving Plaintiff of title to her real property, violated the **4ᵗʰ Amendment of the Constitution**, satisfying the elements necessary for Plaintiff to bring claim for Slander of Title, entitling Plaintiff to recover damages.

## VI. **UNJUST ENRICHMENT**

3. Plaintiff and defendants had no contract[9] or agreement between each other before defendants maliciously misrepresented themselves as parties or assignees to the instrument/contract. The dealings Plaintiff had with defendants did not create a conscionable contract. These dealings arose from defendants' fraudulent claims which enabled defendants to gain unwarranted advantages and benefits, enriching themselves at Plaintiff's expense. Plaintiff was deceived by the defendants' malicious misrepresentations into believing that she was obligated tender payments to Deutsche National Trust Company by and through American Servicing Company and in being thus deceived Plaintiff tendered payments to defendants totaling $35,846.24 over the course of (how many years). Pursuant to **HELDENFELS BROS., INC. V. CITY OF CORPUS CHRISTI, 832 S.W.2D 39, 41 (TEX. 1992)**, **"Unjust enrichment is found under circumstances in which one person**

---

[9] Contract according to **Black's Law Dictionary, 5ᵗʰ Edition** means an agreement between two or more

**has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.** For a claimant to establish a successful unjust enrichment claim, three conditions must be fulfilled, namely there must be:

1. Enrichment to the Defendant;

2. A corresponding deprivation suffered by the claimant; and

3. No juristic reason for the enrichment.

4. Deutsche National Trust Company gained unfair pecuniary benefits to Plaintiff's detriment because of its intentional misrepresentations of itself as a valid "assignee" to the mortgage, creating an unconscionable, voidable agreement/contract based on fraud. Pursuant to **Barnsdall Refining Corn. V. Birnam Wood Oil CO. 92 F 26 817**, "Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages." Deutsche National Trust Company proceeded with collections against Plaintiff. Deutsche National Trust Company's misrepresentation to Plaintiff that it had standing to collect from Plaintiff when it was never a valid assignee to the mortgage instrument is willful misrepresentation committed with the intent that Plaintiff act upon it to her detriment.

Defendants were enriched in the amount of. Plaintiff lost 35,8446.24 at the hands of American Servicing Company and Deutsche National Trust company. Plaintiff paid American Servicing Company 35,846.24 from June 1, 2006 to Sep, 2008 **It would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations."**( **Whipp V. Iverson, 43 Wis 2d 166** ) The three elements of unjust enrichment are satisfied because defendants were enriched, Plaintiff suffered deprivation of rights and defendants have no provable juristic or legal reason for this enrichment without Deutsche being an authentic and true assignee.

## VII. **CIVIL CONSPIRACY**

5. Pursuant to **UCC § 3-301**, a person must be in possession, a "holder" of the instrument, or if not in possession of it, if not a "holder" of the instrument must have at least the rights of a holder to enforce the instrument. Deutsche National Trust Company fraudulently CLAIMED that it is assignee/holder of the instrument. Plaintiff has proof from the Official Records of the SEC (Securities and Exchange Commission) that another entity is the actual holder in fact of the instrument. Only a holder can be a holder in due course. In order to be a holder one must meet the conditions in **UCC§ 1-201(b) (21).**

He/she must have possession of a negotiable instrument payable to him or to bearer.

6. Deutsche National Trust Company has failed to prove it possesses or has possessed the instrument/note. **"All those who, in pursuance of a common plan to commit a tortious act, actively take part in it and further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or who ratify and adopt the acts done for their benefit, are equally liable with the wrongdoer."**(<u>Rosenberg v Rosenberg Bros Special Account, 134 Mich App 342, 354, 351 NW2d 563 (1984) (quoting W. Prosser, Handbook of the Law of Torts §46, at 292 (4th Ed 1971))</u>. Defendants acted together in concert with the (State Court) one after another to achieve the unlawful purpose of disparaging Plaintiff's title and depriving Plaintiff of her property by manipulating and perversion of a lawful means, Judge Charles O. Mitchell, Jr. (Sr. Circuit Judge) to accomplish their civil conspiracy to defraud plaintiff. Deutsche National Trust Company and American Servicing Company pursued a common plan to commit the tortious act of seizing Plaintiff's property without standing violating Plaintiff's <u>4th Amendment</u>[10]right to be secure in her person, houses, papers, and effects, against unreasonable searches and seizures. Judge Charles O. Mitchell Sr.

---

[10] See <u>4th amendment to the United States Constitution</u>

Judge of Circuit Court actively took part in the scheme, furthered it by his cooperation, lent aid to the wrongdoers and in so doing, encouraged the wrongdoers to fully carry out their Civil Conspiracy to defraud plaintiff.

Under Nevada law, an actionable civil conspiracy-to-defraud claim has merit when there is (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff. **Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety, 121 Nev. 44, 110 P.3d 30, 51 (2005).** "Thus, an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." Id. A showing of fraud, in turn, requires (1) a false representation, (2) knowledge or belief that the representation was false, (3) intent to induce reliance on the representation, (4) that the reliance must be justifiable, and (5) damages.( **Lubbe v. Barba, 91 Nev. 596, 540 P.2d 115, 117 (1975). Goodwin v. Executive Tr. Servs., LLC, 680 F.Supp.2d 1244, 1253-54 (D. Nev. 2010).**The concerted actions of all of the defendants constitute a Civil Conspiracy in which they conspired to defraud and injure Plaintiff and to violate the **4th Amendment of the United States Constitution.** Defendants have overtly committed fraud, worked together as a team, had an agreement to do and Plaintiff was damaged as a result of their scheme. Therefore

Plaintiff's has successfully stated a claim of Civil Conspiracy to defraud and is entitled to recover damages.

## VIII. CONCLUSION

7. Defendants' concerted actions caused injuries to Plaintiff. Plaintiff suffered deprivation of her property, disparagement of her title, Credit and good name at the hands of the defendants. Plaintiff is entitled to recover damages that were caused by the various torts defendants committed in furtherance of their Civil Conspiracy to defraud Plaintiff out of her property and for injuring Plaintiff's name, title and credit. Plaintiff is entitled to and demands a jury trial.

**WHEREFORE PLAINTIFF RESPECTFULLY PRAYS** that this honorable court:

a. Award plaintiff $ 35,846.24 (thirty five thousand eight hundred forty six dollars and twenty and four cents U.S.) in compensatory damages from Deutsche National Trust Company and American Services Company jointly and severally.

b. Award plaintiff $40,000,000.00 (40 million dollars U.S.) in punitive damages from Deutsche Nation Trust Company and American Servicing Company jointly and severally.

c. Award Plaintiff clear title to her real property.

d. Issue declaratory relief as this Court deems appropriate and just.

e. Issue other relief as this Court deems appropriate and just.

Respectfully submitted,

*Jessica R. Brinson*

Jessica R. Brinson, Plaintiff, pro se

45 West 6th Street, Jacksonville,

Florida [32206].

Phone# 904-566-7667

Email address: jessicahairweavegallery@yahoo.com

Statement of Verification

I have read the above complaint and it is correct to the best of my knowledge.